UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KEMP,

        Petitioner,

                              CASE NO. 2:08-CV-12826
v.                             HONORABLE MARIANNE O. BATTANI

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Michael Kemp ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. This matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely. For the reasons set forth, the Court grants Respondent's motion and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II. Facts and Procedural History**

Petitioner's convictions arise from the shooting death of Joseph Klecha at his Detroit home during a break-in committed by Petitioner and his co-defendant Deonjo Porter on September 27, 1986. Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony, following a jury trial in the Recorder's Court for the City of Detroit (now Wayne County Circuit Court), on February 6, 1987. He was sentenced to life

1

imprisonment without parole on the murder conviction and a consecutive term of two years imprisonment on the felony firearm.  Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence.  *People v. Kemp*, No. 100103 (Mich. Ct. App. Dec. 26, 1989).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Kemp*, No. 88603 (Sept. 28, 1990).

On July 9, 2004, Petitioner filed a delayed motion for new trial with the state trial court which was treated as a motion for relief from judgment and denied on August 17, 2005.  Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Kemp*, No. 271609 (Mich. Ct. App. Jan 31, 2007) (unpublished).  He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Kemp*, 479 Mich. 864, 735 N.W.2d 220 (July 30, 2007).

Petitioner dated the present petition for writ of habeas corpus on June 26, 2008.  He raises claims concerning the effective assistance of trial and appellate counsel, cumulative error, actual innocence, the denial of his motion for relief from judgment, and the failure to suppress his police statements.  Respondent filed the instant motion for summary judgment on January 9, 2009 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions.  Petitioner has filed a reply to the motion contending his habeas petition should be considered because he is actually innocent.

### III.  Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *See, e.g., Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

## IV.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

> diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the time period prescribed by this section must be dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date.  Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions.  *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003).  Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for new trial/relief from judgment until July 9, 2004.  Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations.  Moreover, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-enacted, retroactively applicable law.  Arguably, however, he contends that his claims are based upon newly-discovered evidence as he submits affidavits in support of his actual innocence claim – two by Denise Mitchell dated February 12, 2004 and February 2, 2006 and one by Clarissa Williams dated March 30, 2006.  Those affidavits indicate that the women heard Petitioner's co-defendant say that he was the person who shot the victim during the residential break-in committed by the two men.  Ms. Mitchell states that she reported this information to police and both Ms. Mitchell and Ms. Williams state that they reported the same information to defense counsel.  At trial, witnesses identified Petitioner and his co-defendant as the perpetrators of the crime, witnesses saw Petitioner with a gun, and Petitioner's police statement, in which he admitted shooting the victim (although he claimed the shooting was accidental), was admitted into evidence.

Petitioner has not shown that his habeas claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner.  *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases).  The time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts.  *Id.* The start of the limitations period does not await the collection of evidence to support the facts. *Id.*

In this case, the record reveals that Petitioner was well aware or should have been aware of the factual predicate underlying his claims at the time of trial given that Ms. Mitchell spoke to police after the crime and both Ms. Mitchell and Ms. Williams spoke with defense counsel

before trial. Also, there is some indication in the record that these witnesses know Petitioner and/or are related to him. Petitioner was thus aware or should have been aware of the factual basis for his current habeas claims well before the expiration of the one-year grace period. As noted, the start of the limitations period does not await the collection of evidence or the recognition of the legal significance of any facts. Petitioner's habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner neither alleges nor establishes that he is entitled to tolling under the *Dunlap* factors. Furthermore, the fact that he is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner asserts that he is actually innocent, but he has made no such showing. His claim that he was not the shooter challenges the legal sufficiency for his convictions and does

7

not show actual innocence.  The affidavits Petitioner presents, even if believed, do not establish his actual innocence.  Petitioner could still be found guilty of first-degree murder and felony firearm under Michigan's felony murder rule and/or under an aiding and abetting theory even if he did not personally shoot the victim.  Moreover, the affidavits are not particularly reliable, given that they were executed 17 and 19 years after trial and the witnesses may know and/or be related to Petitioner.  The Court also notes that the affidavits conflict with the eyewitness testimony and with Petitioner's own police statements in which he admits shooting the victim during the residential break-in.  Petitioner has failed to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable jury would have found him guilty of the crime.  He is thus not entitled to equitable tolling of the one-year period.

## V.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims.  Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.


                                                               s/Marianne O. Battani
                                                               MARIANNE O. BATTANI
                                                               UNITED STATES DISTRICT JUDGE

Dated:  February 10, 2009

8

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon Michael Kemp, and Brad H. Beaver via ordinary mail or electronic filing.

s/Bernadette M. Thebolt<br>Case Manager